UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>MASS GENERAL BRIGHAM INCORPORATED, et al.,<br><br>Defendants. | CIVIL ACTION<br>NO. 26-14102-WGY |

# ORDER

**September 10, 2026**

YOUNG, D.J.

*Pro se* plaintiff, seeking to proceed under the pseudonym "John Doe," filed a complaint against several hospitals, doctors and personnel under federal and state law seeking monetary, declaratory and injunctive relief. (ECF No. 1). Plaintiff has also filed motions for leave to proceed *in forma pauperis*, for leave to file electronically, and for leave to proceed under pseudonym (ex-parte). (ECF Nos. 2-4).

Upon review, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis*, (ECF No. 3) is provisionally allowed, subject to plaintiff filing a copy with his true signature within 35 days of the date of this order. Litigants seeking to proceed *in forma pauperis*

must submit an affidavit that includes a statement of all plaintiff's assets. See 28 U.S.C. § 1915(a)(1). This "affidavit" requirement is satisfied as long as it contains the phrase "under penalty of perjury" and states that the document is true. See 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury); see also Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993) (discussing function of affidavit requirement).

Here, plaintiff's motion for leave to proceed in forma pauperis contains a typewritten "/s" signature of plaintiff, rather than a cursive signature of plaintiff. Because plaintiff has not actually signed the application under the penalties of perjury using his true name, the motion is provisionally allowed subject to filing (under seal) the application with his signature.

2. The ex-parte motion for leave to proceed under pseudonym, to impound and restrict public access (ECF No. 4) is allowed in part and denied in part. Plaintiff may proceed under a pseudonym, however, the Court intends to revisit this determination at various critical stages of the proceedings including after the appearance of the defendants.

3. The Clerk shall issue summonses for service of the complaint. Plaintiff shall have 90 days from the date of the

issuance of the summons to complete service. Plaintiff must serve an unredacted copy of the complaint upon the defendants along with this order. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to plaintiff. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

4. The parties shall refer to plaintiff by the pseudonym "John Doe" in all filings;

5. The parties are prohibited from disclosing John Doe's identity to any third party unless such disclosure is necessary to litigate this action;

6. The parties shall redact all information that identifies Mr. Doe from public filings, or in the alternative submit such filings under seal; and

7. Any party who discloses Mr. Doe's identity to a third party shall provide a copy of this order to the third party and inform them that they are subject to it.

8. The plaintiff may elect to have service made by the United States Marshals Service ("USMS"). If plaintiff chooses to have service completed by the USMS, he shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served. Plaintiff shall instruct the USMS not to have any document with

plaintiff's true name, including the return of service, filed on the Court's public docket. The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

SO ORDERED.

William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE